**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ARTHUR WILLIAMS,

    Petitioner,                                      Case No. 8:05-CV-1692-T-30MAP
                                                                              8:03-CR-176-T-30MAP

-vs-

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 (CR Dkt. 107/CV Dkt. 1). The Court finds that, for reasons set forth *infra*, the petition should be summarily dismissed. Rule 4, Rules Governing Section 2255 Proceedings (2004).[1]

Having entered a plea of guilty to a drug-related charge, Petitioner was sentenced on January 23, 2004, to a term of 57 months imprisonment (CR Dkt. 73). Judgment was entered on January 27, 2004 (Dkt. 75). (Dkt. 1). Since Petitioner did not appeal, his conviction became final on February 6, 2004. *See* Fed. R. App. P. 4(b)(1); *Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999). Because Petitioner is "[a] prisoner in custody under sentence of a court established by Act of Congress," his request for collateral relief is governed by § 2255, which imposes a one-year "period of limitation" for § 2255 motions. *See* 28 U.S.C. § 2255 ¶ 6; *see also Sawyer v. Holder*, 326 F.3d 1363, 1365 n. 3 (11th Cir. 2003). Petitioner has not shown that the remedies available under § 2255 are ineffective or unavailable. *See id.* at 1365; *Wofford v. Scott*, 177 F.3d 1236 (11th

---

[1] *See Medberry v. Crosby,* 351 F.3d 1049, 1061 (11th Cir. 2003) ("[W]hen a federal prisoner's [§ 2241] claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions."). *See also Howard v. United States*, 374 F.3d 1068, 1070 (11th Cir. 2004) (citation omitted).

Cir. 1999). Since Petitioner's § 2255 motion was not filed on or before February 6, 2005, it is time barred.

Even if the petition were not time barred, the Court would be precluded from granting Petitioner's request for a reduction in his sentence pursuant to an "early disposition" program under § 5K3.1 of the United States Sentencing Guidelines (2004) ("USSG") ("Upon motion of the Government, the court may depart downward not more than four levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."). Petitioner cannot initiate a downward departure under USSG § 5K3.1.

Absent very specific exceptions, once sentence is imposed and a judgment entered in a criminal case, the Court cannot unilaterally modify a sentence it has imposed. *See* 18 U.S.C. § 3582(c) (2002). The Bureau of Prisons has not filed a motion to reduce Petitioner's term of imprisonment, and Petitioner has not cited any statute which expressly permits a modification of his sentence. *See id.* Rule 35 is unavailing because more than seven days has elapsed since Petitioner's sentence was imposed, and the Government has not filed a motion for a reduction in his sentence for substantial assistance. *Id.*

ACCORDINGLY, the Court **ORDERS** that the petition for habeas relief is **DENIED** (CR Dkt. 107/CV Dkt. 1). The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner
SA/jsh